UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAREN GALLION,<br><br>                    Plaintiff,<br><br>     v.<br><br>MEDCO HEALTH SOLUTIONS, INC., et al.,<br><br>                    Defendants. | NO: 13-CV-0135-TOR<br><br>ORDER GRANTING DEFENDANT MEDCO HEALTH SOLUTIONS, INC.'s MOTION FOR JUDGMENT ON THE PLEADINGS |

BEFORE THE COURT is Defendant Medco Health Solutions, Inc.'s Motion for Judgment on the Pleadings (ECF No. 13). This matter was heard with oral argument on April 2, 2014. Bradley E. Smith appeared on behalf of the Plaintiff. Deidra Nguyen appeared on behalf of Defendant Medco Health Solutions. The Court has reviewed the briefing and the record and files herein, and is fully informed.

//

//

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS ~ 1

## BACKGROUND

Plaintiff asserts a variety of state law claims arising from an allegedly wrongful denial of short-term and long-term disability benefits by her former employer, Defendant Medco Health Solutions. Medco now moves to dismiss Plaintiff's claims as barred by a one-year limitations period in the subject disability insurance policy. For the reasons discussed below, the Court will grant the motion.

## FACTS

Plaintiff Karen Gallion ("Plaintiff") was employed by Defendant Medco Health Solutions, Inc. ("Medco") from September 1995 to December 2010 as a data entry operator. On or about November 11, 2010, Plaintiff was forced to stop working due to symptoms attendant to post-traumatic stress disorder ("PTSD"). Plaintiff asserts that her PTSD resulted from working under an abusive supervisor.

Unable to work, Plaintiff submitted a claim for short-term disability ("STD") benefits under a disability insurance policy sponsored by Medco and provided to all Medco employees. The administrator of the STD policy, Defendant Disability Management Alternatives, LLC, denied the claim on or about December 2, 2010. Plaintiff returned to work on December 13, 2010, despite the fact that her PTSD symptoms had not improved.

Plaintiff's return to work was not successful. On December 17, 2010, as a "direct result of the work environment," Plaintiff attempted to commit suicide. At

some point thereafter, Plaintiff submitted a second claim for STD benefits under the same policy.  This claim was also denied by Defendant Disability Management Alternatives.  Plaintiff did not thereafter return to work at Medco.

Plaintiff subsequently appealed the denials of her claims pursuant to the appeal procedures set forth in the Summary Plan Description ("SPD" or "Plan"). These appeals were ultimately denied on April 22, 2011, and August 2, 2011.

Plaintiff filed the instant action in the Spokane County Superior Court on December 24, 2012.  She subsequently filed an amended complaint on March 5, 2013, which was served on Medco on March 6, 2013.  Medco removed the action to this Court on April 4, 2013, on diversity jurisdiction and federal question grounds.  Medco now moves to dismiss Plaintiff's claims as time-barred under the one-year limitations period in the Plan.

## DISCUSSION

Motions for judgment on the pleadings are governed by Federal Rule of Civil Procedure 12(c).  Rule 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed[,] but early enough not to delay trial." Fed. R. Civ. P. 12(c).  To prevail on such a motion, the moving party must "clearly establish[] on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.

1989). This standard is "functionally identical" to the standard applicable to a Rule 12(b)(6) motion. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011).

To withstand dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS ~ 4

court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

In ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit. *Id.* The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences. *Id.*

The Ninth Circuit has repeatedly instructed district courts to "grant leave to amend even if no request to amend the pleading was made, unless ... the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The standard for granting leave to amend is generous—the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether leave to amend is appropriate, a court must consider the following five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS ~ 5

amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

### A. One-Year Limitations Period

Medco has moved to dismiss Plaintiff's claims as time-barred under the one-year limitations period set forth in the Plan. The applicable provision states:

> One-Year Limit to File Legal Action
>
> If the Plan Administrator or Claims Administrator denies a claim on appeal, you have the right to file suit in federal court under ERISA Section 502(a). However, no legal action for recovery of benefits allegedly due under the Plan may be commenced by you or on your behalf against the Plan, the Claims Administrator or any other Plan fiduciary, claims administrator or other third party claims administrator unless it is filed within one year after the date of the final determination under the Claims Appeal Procedure described here.

ECF No. 14-1 at 16-17.

The parties dispute whether this limitations period applies to *any* claim arising from a denial of STD benefits, or whether it applies only to claims filed under ERISA Section 502(a). This distinction is material because (1) Medco's Short-Term Disability Program, by its own terms, "is not subject to, nor governed by, the requirements of the Employee Retirement Income Security Act of 1974 (ERISA)," ECF No. 14-1 at 9; and (2) Plaintiff's claims were not filed under ERISA Section 502(a). Thus, Plaintiff's claims are only time-barred if the one-

year limitations period applies to any claim arising from a denial of STD benefits as opposed to only ERISA claims.

Neither party briefed the issue of which state's law governs interpretation of the Plan. At the hearing on the motion, the parties agreed that Washington law applies. Washington follows the "objective manifestation" theory of contracts. *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wash.2d 493, 503 (2005).

> Under this approach, [courts] attempt to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties. We impute intention corresponding to the reasonable meaning of the words used. Thus, when interpreting contracts, the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used. We generally give words in a contract their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent. We do not interpret what was intended to be written, but what was [actually] written.

*Id.* at 503-04 (citations omitted). In short, if a contract's language is clear and unambiguous, the contract must be enforced as written. *Allstate Ins. Co. v. Peasley*, 131 Wash.2d 420, 424 (1997).

Whether contract language is ambiguous is a question of law. *GMAC v. Everett Chevrolet, Inc.*, --- Wash. App. ---, 317 P.3d 1074, 1078 (2014). An ambiguity is not present simply because two parties to a contract have offered differing interpretations. *Id.* "If only one *reasonable* meaning can be ascribed to the agreement when viewed in context, that meaning necessarily reflects the parties' intent; if two or more meanings are reasonable, a question of fact is

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS ~ 7

presented." *Id.* (emphasis added) (quotation and citation omitted).  A court must not "read an ambiguity into an agreement where it can reasonably be avoided." *Id.* at 1080.  Hence, judgment as a matter of law is only appropriate if the language in question, "viewed in light of the parties' other objective manifestations, has only one reasonable meaning." *Id.*  The principle that ambiguities must be construed against the drafter only applies when it is not otherwise possible to ascertain the parties' intent.  *See Wash. Prof'l Real Estate LLC v. Young*, 163 Wash. App. 800, 818 (2011) ("[A] reviewing court should not resort to the rule of interpretation that construes the agreement against its drafter unless the intent of the parties cannot otherwise be determined; the primary goal in interpreting a contract is to ascertain the parties' intent.") (quotation and citation omitted).

    The first sentence of the one-year limitations provision references a "right to file suit in federal court under ERISA Section 502(a)."  This sentence is clearly ERISA-specific.  The second sentence does not specifically mention ERISA; it states that "no legal action for recovery of benefits" may be commenced more than one year after a claim is denied.  Medco asserts that the first and second sentences exist independently, and urges the Court to interpret the plain language of the second sentence—"no legal action"—to mean precisely what it says.  Plaintiff, for her part, contends that the first sentence limits the scope of the second, such that

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS ~ 8

the phrase, "no legal action for recovery of benefits" means, "no legal action for recovery of benefits *under ERISA*."

Plaintiff's reading, while plausible in isolation, is contradicted by the context of the Plan as a whole.  As noted above, the Plan unequivocally states that the Short-Term Disability Program "is not subject to, nor governed by" ERISA.  Why, then, would it incorporate a provision requiring any action to recover benefits to be filed under ERISA within one year?  This interpretation simply does not make sense in view of the Plan's unequivocal statement that ERISA does not apply to claims for STD benefits.  In the context of the entire Plan, the only "reasonable meaning" of this provision is that *any* legal action to recover STD benefits must be filed within one year.  *Everett Chevrolet, Inc.*, --- Wash. App. ---, 317 P.3d at 1078.

The reference to ERISA in this provision is admittedly puzzling.  It bears noting, however, that a separate section of the SPD addressing the Long-Term Disability Program, which is subject to ERISA, contains a virtually identical one-year limitations provision.  *See* ECF No. 14-1 at 24-25.  Thus, it is possible that the drafter of the Plan simply "copied and pasted" the limitations language from the LTD benefits section into the STD section without realizing that the reference to ERISA should have been deleted.  Regardless of how it occurred, however, the fact that the drafter of the Plan put one-year limitations provisions in *both* sections of

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS ~ 9

the document is an "objective manifestation" of intent to require that claims to recover either type of benefits be filed within one year, regardless of the type of claim being asserted. Based upon this objective manifestation of intent, and the context of the Plan as a whole, the Court concludes that the one-year limitations period applies to *any* claim arising from a denial of STD benefits, regardless of whether the claim is filed under ERISA Section 502(a).

## B. Enforceability of Limitations Period

Plaintiff argues that even if the one-year limitations period applies to her claims, the Court should refuse to enforce it on unconscionability and public policy grounds. In support of this argument, Plaintiff notes that she did not individually negotiate the contract, that the Washington Legislature has declared limitations periods shorter than three years for disability insurance claims violative of public policy, and that controlling precedent forecloses a limitations period less than four years on Consumer Protection Act claims. ECF No. 17 at 9-13.

"Generally, parties can shorten the applicable statute of limitations by contract unless a shorter time frame is unreasonable or prohibited by statute or public policy." *McKee v. AT&T Corp.*, 164 Wash.2d 372, 399 (2008); *see also Wothers v. Farmers Ins. Co. of Wash.*, 101 Wash. App. 75, 79-80 (2000) ("A statute of limitation cannot enlarge the time for the commencement of an action when the time limitation therefor is fixed by contract."). As a threshold matter, the

Court finds that the one-year limitations provision is not unreasonable.  In reaching this conclusion, the Court notes that the Washington Legislature has endorsed one-year limitations periods on actions to recover benefits under an insurance contract.  *See* RCW 48.18.200(1)(c) ("No insurance contract . . . shall contain any condition . . . limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues[.]"); *Ashburn v. Safeco Ins. Co. of Am.*, 42 Wash. App. 692, 697 (1986) (noting that RCW 48.18.200(1)(c) "impliedly authorizes" one-year limitations periods in insurance contracts).  Although this provision of the Insurance Code does not apply to Plaintiff's claims (see below), the fact that the Legislature has provided for one-year limitations periods in the insurance context weighs sharply against a finding that the limitation period at issue is unreasonable.

      The relevant question, then, is whether the one-year limitations period is "prohibited by statute or public policy."  *McKee*, 164 Wash.2d at 399.  With regard to her claims to recover STD benefits, Plaintiff argues that RCW 48.21.010 and .050, together with RCW 48.20.032 and .142, preclude a limitations period shorter than three years.  ECF No. 17 at 11.  This argument is unpersuasive.  The relevant portion of the Plan is not a "group disability insurance" policy within the meaning of RCW Chapter 48.21 because it is not "provided by a master policy issued to an employer."  RCW 48.21.010(1).  Instead, the Short-Term Disability Plan "is

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS ~ 11

financed entirely by [Medco] . . . and is paid for from its general assets." ECF No. 14-1 at 9.  Consequently, the statutes cited above do not apply.  *See May v. Honeywell Int'l Inc.*, 2007 WL 1461243 at *6 (W.D. Wash. 2007), *rev'd in part on other grounds*, 331 F. App'x 526 (2009) (holding that a short-term disability plan that is "simply an in-house benefit program funded by [a] company itself" is not a group disability plan within the meaning of RCW 48.21.010).  Nor do these statutes state a sufficiently compelling public policy to override the general rule that parties to a contract are free to bind themselves to shorter limitations periods than might otherwise apply.  *See McKee*, 164 Wash.2d at 399; *Wothers v. Farmers Ins. Co. of Wash.*, 101 Wash. App. at 79-80.  Accordingly, Plaintiff's breach of contract claims (first and second causes of action) must be dismissed with prejudice.  As Plaintiff has not cited a statute or public policy that would prohibit enforcement of the one-year limitations period as to her causes of action for bad faith, negligent infliction of emotional distress, and for violations of the Washington Insurance Fair Conduct Act (third, fourth, fifth and seventh causes of action), these claims must be dismissed as well.

With respect to her CPA claim, Plaintiff argues that a contractual limitations period shorter than the four-year statute of limitations set forth in RCW 19.86.120 is unenforceable as a matter of law pursuant to the Washington Supreme Court's decision in *McKee*.  The Court is not persuaded.  The *McKee* case involved a two-

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS ~ 12

year limitations period on claims for violations of a consumer telephone service contract. 164 Wash.2d at 399. The court held that this limitations period was unenforceable as to the plaintiff's CPA claims, explaining that it was too "harsh and one-sided when imposed on a consumer in a contract of adhesion for a basic consumer service." *Id.* This Court does not read *McKee* to categorically preclude contractual limitations periods shorter than three years from being applied to CPA claims. Had the Washington Supreme Court intended to announce such a bright-line rule, it easily could have done so. The better reading of *McKee* is that a court must consider whether a shorter limitations period would unduly frustrate the purpose of the CPA on the facts of a particular case.

There are, however, other cases which support Plaintiff's contention that CPA claims should not subject to a limitations period in an insurance policy. *See, e.g.*, *Simms v. Allstate Ins. Co.*, 27 Wash. App. 872, 877-78 (1980) (plaintiff's failure to bring CPA claim within fire insurance policy's one-year limitation period did not bar claim); *O'Neill v. Farmers Ins. Co. of Wash.*, 124 Wash. App. 516, 530-31 (2004) (one-year limitation period in homeowners policy did not apply to CPA claim arising from insurer's alleged breach of the policy); *but see Wothers*, 101 Wash. App. at 79-80 (dismissing breach of contract and CPA claims filed after one-year limitations period in insurance policy). These would appear to support a

1  finding that enforcing a shorter limitations period on CPA claims in the insurance
2  context is against public policy.
3       In any event, Plaintiff's CPA claim, as currently pled, fails to state a claim.
4  The Court understands Plaintiff to be asserting a *per se* CPA claim predicated upon
5  Medco's alleged breach of the Washington insurance statutes and first-party claims
6  handling regulations.  These statutes and regulations, however, do not apply to
7  Medco because Medco is not "engaged in the *business* of making contracts of
8  insurance."  RCW 48.01.050 (emphasis added); *see also Helper v. CBS, Inc.*, 39
9  Wash. App. 838, 846 n.2 (1985) (explaining that an employer which provides an
10 "in-house" long-term disability plan for the sole benefit of its employees is not in
11 the "business" of selling insurance within the meaning of RCW 48.01.050 and
12 therefore cannot be sued for per se CPA violations predicated on alleged violations
13 of the insurance code).
14      At oral argument, Plaintiff argued that the insurance code and administrative
15 regulations apply to Medco because it provides "insurance" as that term is defined
16 in RCW 48.01.040.  Assuming *arguendo* that Medco provides "insurance," it is not
17 subject to the statutes and regulations that could potentially give rise to a per se
18 CPA claim.  Both IFCA and its implementing regulations apply exclusively to
19 persons engaged in the "*business* of insurance."  RCW 48.30.010(1); WAC 284-
20

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS ~ 14

30-330.  Again, there is no dispute that Medco is not in the business of selling insurance.  Accordingly, Plaintiff's *per se* CPA claim is dismissed with prejudice.

Because Plaintiff could potentially amend her complaint to assert a non-*per se* CPA claim, however, the Court will dismiss this claim with leave to amend within **fourteen (14) days** of the date of this order.  *Lopez*, 203 F.3d at 1130.  If Plaintiff elects to amend, she should allege with particularity the conduct that satisfies each of the five elements of a non-*per se* CPA claim.  See Fed. R. Civ. P. 8(a)(2).

**C. Claims Based Upon Denial of LTD Benefits**

Medco asserts that the amended complaint fails to state a claim for wrongful denial of LTD benefits.  The Court agrees.  Although Plaintiff claims that she is "entitled" to LTD benefits, *see* ECF No. 1 (Am. Compl.) at ¶ 3.1, her amended complaint does not specifically allege that she ever *applied* for such benefits as the Plan requires.  *See* ECF No. 14-1 at 23 ("You must file a claim form with the Claims Administrator, within 30 days of satisfying the Elimination Period, in order to receive LTD benefits.").  This omission is conspicuous in view of Plaintiff's detailed allegations about having applied for STD benefits.  *See* ECF No. 1 (Am. Compl.) at ¶¶ 2.3, 2.4.  Accordingly, the Court will dismiss any claims arising from Medco's alleged failure to pay LTD benefits with leave to amend within **fourteen (14) days** of the date of this order.

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS ~ 15

D. **Other Named Parties**

Plaintiff's Complaint names two additional party defendants; Disability Management Alternatives, LLC, third party administrator and wholly-owned subsidiary of Hewitt Associates, LLC and Hartford Life and Accident Insurance Company, third party claims administrator for Medchoice Long-Term Disability Program. ECF No. 1, Exhibit 1. On September 6, 2013, the Court ordered Plaintiff to immediately file, pursuant to Fed. R. Civ. P. 41(a)(1)(A), her voluntary dismissal of the Defendants who have not been served. ECF No. 9 at 2. Plaintiff did not move to dismiss anyone. However, no proof of service has been filed with respect to these named defendants and they have not otherwise appeared in this case.

Pursuant to Fed. R. Civ. P. 4(m), the Court will dismiss Disability Management Alternatives, LLC, and Hartford Life and Accident Insurance Company.

**IT IS HEREBY ORDERED:**

1. Defendant Medco Health Solutions, Inc.'s Motion for Judgment on the Pleadings (ECF No. 13) is **GRANTED**. Plaintiff's claims for violations of the Washington Consumer Protection Act, as well as any claims arising from a denial of long-term disability benefits, are **DISMISSED**

with leave to amend within **fourteen (14) days** of the date of this order.

All other claims are **DISMISSED** with prejudice.

2. Defendants Disability Management Alternatives, LLC, and Hartford Life and Accident Insurance Company, are dismissed without prejudice and the Clerk of Court shall terminate them from the caption of this case.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** April 2, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS ~ 17