1

2

3

4

5        UNITED STATES DISTRICT COURT

6        EASTERN DISTRICT OF WASHINGTON

7    KAREN GALLION,

8                            Plaintiff,          NO:  13-CV-0135-TOR

9        v.                                      ORDER DENYING PLAINTIFF'S
                                                 MOTION FOR RECONSIDERATION
10   MEDCO HEALTH SOLUTIONS,
     INC., et al.,

11
                            Defendants.
12

13       BEFORE THE COURT is Plaintiff's Motion for Reconsideration (ECF No.

14   27).  This matter was submitted for consideration without oral argument.  The

15   Court has reviewed the briefing and the record and files herein, and is fully

16   informed.

17                              BACKGROUND

18       Plaintiff moves for reconsideration of the Court's May 2, 2014 Order

19   granting Defendant's motion for judgment on the pleadings.  In support of this

20   motion, Plaintiff argues that the Court erroneously concluded that the Plan's one-

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

year limitations provision bars any claim arising from the denial of short-term

disability benefits, as opposed to only claims filed under ERISA § 502(a).

DISCUSSION

A court may review a motion for reconsideration under either Federal Rule

of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b)

(relief from judgment).  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th

Cir. 1993).  "Reconsideration is appropriate if the district court (1) is presented

with newly discovered evidence, (2) committed clear error or the initial decision

was manifestly unjust, or (3) if there is an intervening change in controlling law."

*Id.* at 1263.  Reconsideration is properly denied when the movant "present[s] no

arguments . . . that had not already been raised" in the underlying motion.  *Taylor*

*v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989).

Plaintiff argues, once again, that the Plan's one-year limitations period for

claims arising from a denial of short-term disability benefits applies <u>only</u> to claims

filed under ERISA § 502(a).  As the Court explained in its prior order, this is not a

reasonable interpretation of the policy because the Plan specifically provides that

*the Short-Term Disability Program is neither subject to nor governed by ERISA*.

ECF No. 25 at 9.  Although the one-year limitations provision states that Plan

participants "have the right to file suit in federal court under ERISA § 502(a)" if

their claim for short-term disability benefits is denied, the fact of the matter is that

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 2

1  no such right exists.  Consequently, any interpretation of the limitations provision

2  that limits its scope to claims filed under ERISA § 502(a) is not reasonable.  *See*

3  *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wash. 2d 654, 669 (2000)

4  ("When interpreting a contract our primary goal is to discern the intent of the

5  parties, and such intent must be discovered from *viewing the contract as a whole*.")

6  (emphasis added); *GMAC v. Everett Chevrolet, Inc.*, --- Wash. App. ---, 317 P.3d

7  1074, 1078 (2014) ("If *only one reasonable meaning can be ascribed to the*

8  *agreement when viewed in context*, that meaning necessarily reflects the parties'

9  intent[.]") (emphasis added).  Plaintiff's motion for reconsideration is denied for

10  the reasons previously stated.

11  **IT IS HEREBY ORDERED:**

12      Plaintiff's Motion for Reconsideration (ECF No. 27) is **DENIED**.

13      The District Court Executive is hereby directed to enter this Order and

14  provide copies to counsel.

15      **DATED** May 15, 2014.

16

17                    THOMAS O. RICE
                  United States District Judge

18

19

20

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3